Doris F. Ulman, Esq. Village Attorney, New Hempstead
You have asked whether employees of the planning board are appointed by the mayor or by the planning board.
You have cited two provisions of the Village Law which are in apparent conflict. Under section 4-400(1)(c), it is the responsibility of the mayor to appoint all officers and employees of the village, subject to the approval of the board of trustees. The mayor may delegate the power to appoint certain employees to other village officials. Section 7-720 of the Village Law deals with the organization of planning boards and provides that the board has the power to employ experts, clerks and a secretary within the appropriations made for the board.
In our view, the power of the mayor to make appointments under section 4-400(1)(c) is limited by the more specific provisions of section 7-720. It is an established rule of statutory construction that specific provisions of the statute must prevail over the general provisions (Peoplev Mobil Oil Corp., 48 N.Y.2d 192, 200 [1979]). In a case recently decided, the Court held that the mayor's power of appointment under section 4-400 yields to a more specific provision of the Village Law granting to the board of trustees the power to appoint a chief of police (George Milhim, as Mayor v Lance Clarke, et al., [Sup Ct, Nassau Co, 8/23/88]).
We conclude that the planning board is authorized to appoint experts, clerks and a secretary provided that appropriations are available.